UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIAN THOMAS CRUZ,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN GENA JONES,<br><br>　　　　　Respondent. | Case No. 2:24-cv-00410-FMO-JDE<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the operative First Amended Petition (Dkt. 16, "Petition"), Respondent's Answer to the Petition (Dkt. 29) and supporting records, Petitioner's Traverse (Dkt. 31), the Report and Recommendation of the magistrate judge dated October 28, 2024 (Dkt. 33, "Report"), and Petitioner's Objection to the Report (Dkt. 36).

　　　The Report recommends the denial of the First Amended Petition and the dismissal of this action with prejudice. (Dkt. 33.) Petitioner's Objections to the Report (Dkt. 36) do not warrant a change to the Magistrate Judge's

findings or recommendations.

Petitioner objects that he is entitled to habeas relief for Ground One, in which he claims he was incompetent to stand trial. (Dkt. 36 at 2-4.) The California Court of Appeal's rejection of this claim was not objectively unreasonable. Experts repeatedly found Petitioner to be competent. (Dkt. 8-2 at 29-30.) Although Petitioner argues that he had no motive for the crimes and that he was found to be incompetent at other times (Dkt. 36 at 3-4), this does not render the state court's decision objectively unreasonable. An absence of motive does not undermine the competency determination, and "the presence of expert opinions that [Petitioner] was, at times, incompetent, does not change this result." (Dkt. 8-2 at 30.)

Petitioner objects that he is entitled to habeas relief for Ground Two, in which he claims the trial court erred in denying his three motions for mistrial. (Dkt. 36 at 4-6.) The California Court of Appeal's rejection of this claim was not objectively unreasonable. The first two motions, based on Petitioner's alleged incompetence, were properly denied because Petitioner, despite being found incompetent at times, ultimately was found competent. (Dkt. 8-2 at 34-35.) The third motion, based on the trial judge's alleged embroilment in the case, was properly denied because the trial judge, in obtaining Petitioner's jail and medical records, "believed she was assisting the defense in obtaining information that would be helpful to [Petitioner], and that the information would expedite the process. After [defense] counsel made its objections known, the trial judge did not review the materials." (Dkt. 8-2 at 36.)

Petitioner objects that he is entitled to habeas relief for Ground Three, in which he claims his trial counsel was ineffective. (Dkt. 36 at 6-7.) The California Court of Appeal's rejection of this claim was not objectively

unreasonable. Petitioner failed to show prejudice from trial counsel's failure to declare a doubt as to Petitioner's competence because the alleged basis for the doubt, the possibility that Petitioner would be found incompetent in a different case, would not have been enough for Petitioner to be found incompetent in this case. (Dkt. 8-2 at 38 (citing *People v. Dudley*, 81 Cal. App. 3d 866, 872 (1978).) Petitioner also failed to show prejudice from substitution of counsel during the trial, because Petitioner "cannot show any lack of preparation or continuity. [Substitute counsel] was given eight months to prepare[.]" (Dkt. 8-2 at 39 (emphasis in original).)

Petitioner objects that he is entitled to habeas relief for Ground Four, in which he claims the trial court's comments showed judicial bias. (Dkt. 36 at 8-9.) The trial court referred to Petitioner as "the consummate actor," "a fox," and "a con man," and accused him of "prey[ing] upon the stupidity of the prosecutors." (Dkt. 33 at 29.) The California Court of Appeal's rejection of this claim was not objectively unreasonable. "The trial court's comments . . . reflect some understandable frustration at the unnecessary delays in the proceedings. The statements did not indicate the trial court's view, if any, on [Petitioner's] guilt. The trial court did not disparage [Petitioner's] testimony in either phase of the trial, nor the evidence presented by the defense concerning the charges." (Dkt. 8-2 at 41-42.) Judicial comments that reflect frustration with "conduct aimed at further stalling the trial" do not prove judicial bias or prejudice. *Noli v. Commissioner*, 860 F.2d 1521, 1528 (9th Cir. 1988).

Petitioner objects that he is entitled to habeas relief for Ground Five, in which he claims the evidence was insufficient to support his burglary convictions. (Dkt. 36 at 9-10.) The California Court of Appeal's rejection of this claim was not objectively unreasonable. The evidence permitted a reasonable jury to infer that Petitioner, before entering the victims' homes, had

3

the necessary specific intent to unlawfully deprive the victims of their property. (Dkt. 8-2 at 46.) The evidence showed that he took their cars and other belongings, and he demanded money, jewelry, and clothes. (Id.) Although Petitioner argues that was suffering from a mental health episode (Dkt. 36 at 9), the Court must presume that the jury resolved all conflicts in the evidence in a manner that supports the verdict.

Finally, Petitioner objects that he is entitled to an evidentiary hearing. (Dkt. 36 at 10.) An evidentiary hearing is not warranted where, as here, "the state-court record 'precludes habeas relief' under the limitations of § 254(d)[.]" *Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)). Thus, Petitioner's request for an evidentiary hearing is denied.

Having engaged in a *de novo* review of those portions of the Report to which objections have been made, the Court concurs with and accepts the findings and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that (1) Petitioner's request for an evidentiary hearing (Dkt. 31 at 1) is denied; and (2) Judgment be entered denying the operative Petition and dismissing this action with prejudice.

Dated: December 3, 2024 _____/s/_____
FERNANDO M. OLGUIN
United States District Judge

4